

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TRUFORM, INC. | ) | **CASE NO. 5:00CV0174** |
| | ) | |
| Plaintiff | ) | **JUDGE DOWD** |
| | ) | |
| -VS | ) | **PLAINTIFF TRUFORM INC.'S** |
| | ) | **RESPONSE TO DEFENDANT** |
| AMERICAN AXLE & MANUFACTURING | ) | **AMERICAN AXLE & MANUFACTURING,** |
| INC., et al., | ) | **INC.'S MOTION TO DISMISS** |
| | ) | |
| Defendants | ) | |

**\*\*\*\*\*\*\*\*\*\*\***

Now comes Plaintiff TRUFORM, INC. (hereinafter also referred to as "TRUFORM"), by and through counsel, and moves this Court to deny Defendant AMERICAN AXLE & MANUFACTURING, INC.'s (hereinafter also referred to as "AXLE") Motion to Dismiss.

Defendant AXLE first argues in its Motion that the state court from which this action was removed did not have personal jurisdiction over it. In light of the fact that this action has been removed, this particular issue is moot. Defendant AXLE can no longer rely on its personal jurisdiction argument to dismiss this action.

Next, Defendant AXLE contends that Plaintiff TRUFORM has failed to plead its allegations of fraud with particularity. Fed.R.Civ.Pro. 9 states that allegations of fraud must be plead with particularity. This rule, however, must be reconciled with

1

Fed.R.Civ.Pro. 8, which requires a short, concise statement of claims. See In re U.S. Shoe Corp. Litigation (S.D. Ohio 1989), 718 F.Supp 643 and Jordan v. Global Natural Resources, Inc. (D.C. Ohio 1983), 564 F.Supp. 59. The purpose of Fed.R.Civ.Pro. 9 is to afford fair notice of the factual ground upon which the claim is based so as to fairly allow the defendant to file an answer to such claim. See Shoe, supra, and Condon America, Inc. v. American Power Development, Inc. (S.D. Ohio 1989), 128 F.R.D. 229.

In its motion, Defendant AXLE sets forth what it considers Plaintiff's allegations are as to fraudulent conduct. While Plaintiff disputes that these statements are to be considered the only allegations as to fraudulent conduct in its Complaint, Plaintiff would submit to this Court that these statements, even when taken by themselves, satisfy the particularity requirement of Fed.R.Civ.Pro. 9. These allegations state with particularity what the fraudulent misrepresentations were regarding (i.e., defective parts, timeliness of shipping and containment of parts). More than enough information has been provided to allow Defendant AXLE to adequately answer such allegations.

Additionally, when the whole Complaint is considered, other information is provided which further clarifies the nature of the fraudulent misrepresentations. For example, in Count Three (3), not only does Plaintiff allege that Defendant AXLE made representations relating to defective parts [paragraph twelve (12) of Plaintiff's Complaint], but Plaintiff alleges in paragraph fourteen (14) of its Complaint that such misrepresentations caused

2

Plaintiff to allow Defendant AXLE to setoff against amounts owed to Plaintiff. This additional information further clarifies the initial allegation of fraudulent conduct and provides Defendant AXLE with more than enough information to formulate an answer.

Similarly, in Count Four (4), in addition to the allegations made in paragraph nineteen (19) regarding the fraudulent representations about the timeliness of the shipping of parts, Plaintiff also provides additional information in paragraphs twenty (20) and twenty-one (21) of its Complaint as to the background of these claims. Specially, paragraph twenty (20) discusses the nature of these fraudulent representations (the difference between the planning for shipping and actual shipping requirements). Paragraph twenty-one (21) discusses the consequences of these representations (Plaintiff allowing Defendant AXLE to setoff for additional costs for goods delivered to AXLE). Again, this additional information satisfies the particularity requirement of Fed.R.Civ.Pro. 9.

Finally, Plaintiff TRUFORM has provided sufficient information in Count Five (5) to comply with Fed.R.Civ.Pro. 9. First, Plaintiff alleges that Defendant AXLE made representations regarding the requirement of containment of parts [paragraph twenty-five (25) of Plaintiff's Complaint]. In paragraphs twenty-seven (27) through twenty-nine (29) of Plaintiff's Complaint, Plaintiff sets forth facts which provide the background for its allegations. Specially, these paragraphs state that the parties' contract never provided for Plaintiff to bear the expenses of

3

containment.  Further, these paragraphs state that Defendant AXLE claimed in correspondence that if it instituted containment, it would invoice the Plaintiff; however, the Plaintiff was never invoiced for such charges.  Obviously, Plaintiff has provided very specific information regarding its fraud allegations which clearly comport with the requirements of Fed.R.Civ.Pro. 9.

Defendant AXLE also complains that Plaintiff has not stated with specificity that AXLE knew or should have known the representations were false.  These allegations go to the condition of mind of Defendant AXLE.  According to Fed.R.Civ.Pro. 9, conditions of mind may be averred generally.  Accordingly, these particular allegations do not need to be made with particularity.

Finally, Defendant AXLE argues that Plaintiff TRUFORM had not alleged with specificity how it relied on the fraudulent misrepresentations.  As already set forth above, Plaintiff TRUFORM has alleged specifically how it relied on each of the fraudulent representations.

Plaintiff has sufficiently complied with Fed.R.Civ. Pro. 9 in its counts of fraud against Defendant AXLE.  Defendant AXLE has more than enough information to formulate an adequate response to Plaintiff's allegations of fraud.  Accordingly, since the personal jurisdiction portion of Defendant AXLE's Motion is moot and Defendant AXLE has failed to demonstrate that Plaintiff failed to plead its fraud claims with particularity, Plaintiff TRUFORM respectfully moves this Court to deny Defendant AXLE's Motion to

4

Dismiss.

Respectfully submitted,

GUY, LAMMERT & TOWNE

RONALD N. TOWNE, #0019622
LINDA S. GURAN, #0038886
ANN L. WEHENER, #0063216
Attorneys for Plaintiff
TRUFORM, INC.
2210 First Merit Tower
Akron, Ohio 44308-1449

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by regular U.S. Mail on this _3rd_ day of February, 2000, to:

Michael A. Thompson
W. Thomas Newell
4775 Munson Street, N.W.
P.O. Box 36963
Canton, Ohio 44735-6963

RONALD N. TOWNE, #0019622
LINDA S. GURAN, #0038886
ANN L. WEHENER, #0063216
Attorneys for Plaintiff
TRUFORM, INC.

5